[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15630

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-01334 MD-FAM

DMD DONALD ROBBINS,

Plaintiff-Appellant,

versus

AETNA US HEALTHCARE,
PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 1, 2008)**

Before EDMONDSON, Chief Judge, and ANDERSON, Circuit Judge, and
COHILL,* District Judge.

PER CURIAM:

_____

*Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of
Pennsylvania, sitting by designation.

After this appeal was scheduled for oral argument, Appellant moved that the case be taken off the oral argument calendar and decided on the briefs. We initially denied the motion, but appellant moved for reconsideration reiterating the request that the appeal be decided on the briefs without oral argument. We grant the motion for reconsideration, and decide the case on the basis of the briefs.

Appellant makes several arguments for the first time on appeal. Pursuant to well-established case law in this circuit, we decline to entertain such arguments. Thus, we decline to entertain Appellant's argument that the district court's September 14, 2006, dismissal order was void.[1] Similarly, we decline to entertain Appellant's argument for the first time on appeal that the dismissal order was entered on the wrong docket, thus rendering Appellant's October 16, 2007, motion to vacate timely.

The only argument presented to the district court in support of Appellant's motion to vacate the September 14, 2006, order was that Appellant "has no record of receiving the Court's Order and as such failed to respond." See Appellant's October 16, 2007 "Motion by Plaintiff Donald Robbins, DMD, to Vacate Court's

---

[1]Moreover, we readily conclude in the alternative that the district court's September 14, 2006, dismissal order is not void. The notice to members of the February 8, 2005, Service List (which included Appellant's counsel) was reasonably calculated to give notice to Appellant, and is presumed to have been received. The record in this case does not establish non-receipt.

September 13, 2006, Order" and its attached "Memorandum of Law in Support of Plaintiff's Motion to Vacate Court's September 13, 2006, Order." We construe Appellant's motion to be pursuant to Fed.R.Civ.P. 60(b)(1) seeking relief from judgment on account of mistake, inadvertence or excusable neglect. We agree with the district court that the motion was untimely, having been filed more than one year after entry of the September 14, 2006, dismissal order. Moreover, we note that Appellant has failed to establish excusable neglect. Appellant's representation to the district court that he has "no record of receiving" the May 16, 2006, order does not establish non-receipt. The order provided for service upon the "February 8, 2005, Service List," a list which included Appellant's counsel. Furthermore, numerous responses to that same order were noticed to the February 8, 2005, Service List, which should have alerted Appellant, even if Appellant did not for some reason receive notice of the May 16, 2006, order itself.

Having carefully considered the briefs and relevant parts of the record in this case, we readily conclude that the judgment of the district court is due to be affirmed.

AFFIRMED.